IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT NORTHERN OF PENNSYLVANIA

DEBTOR'S NAME: NADEJDA REILLY.
dba Two Worlds Restaurant
dba Fine European Catering

ORIGINAL

CASE NUMBER: 5-05-52187
CHAPTER 7

## ANSWER TO MOTION TO SELL PESONAL PROPERTY AT PUBLIC SALE

The debtor in the above captioned matter, Nadejda Reilly, dba Two Worlds Restaurant, dba Fine European Catering, answers the motion of the Trustee to sell the personal property of the debtor at Public Sale as follows:

1-2. Admitted in part and denied in part. The debtor has claimed valid personal exemptions in the property recited by the trustee herein.

3. Inasmuch as the materials plead are within the exclusive control of the adverse party, Defendant cannot admit or deny the subject allegation.

4. Admitted in part and denied in part. At the expiration of the debtor's lease at the place of her business the subject items had to be moved and are no longer at the place indicated in this paragraph. The items are now located at the debtor's residence.

5. Admitted

6. Denied, inasmuch as the allegation contains information now within the exclusive control of the trustee. Furthermore, the debtor's parents borrowed money to purchase these items for their daughter, the debtor herein.

7. Denied. The trustee is not entitled to the relief requested and a distribution of the proceeds of any such sale as proposed in the motion inasmuch as the debtor alleges those defenses set forth under separate heading herein.

8. The allegation requires no legal response.

### Affirmative Defenses.

A. Failure to Object to Exempt Property.

9. The debtor has exempted the property sought to be sold by the trustee in Schedule C of her petition. All of the exemptions claimed by the debtor are valid and within the scope of section 522 of the bankruptcy code.

10. The First Meeting of Creditors was held on June 22, 2005.

11. Thirty days after the first meeting of creditors has elapsed and the trustee has failed to file objections to the debtors claimed exemptions thereby baring sale of the property in the manner sought by the trustee.

B. Failure to Establish Grounds for Sale of Debtor's Exemptions.

12. The Trustee has alleged no legal basis for the sale of the exempted property, or the proceeding the Trustee has followed in hiring counsel for himself or an auctioneer prior to court order permitting the sale. The trustee's activity is arbitrary and capricious and should be sanctioned by the court.

13. The trustee has not challenged the claimed exemptions of the debtor in a proper and timely manner, and has no legal status to proceed against the property of the debtor he seeks to sell. The trustee has set forth no reason in law or fact to proceed with a sale of the exempted property.

14. The trustee has no valid legal basis and has not established any factual basis for his actions in appointing an attorney for himself and in hiring an auctioneer for the sale. The trustee has acted prematurely and not in the best interest of the estate, the creditors or the debtor.

15. Inasmuch as the debtor has not been notified that her exemptions are challenged and the cause for such exemptions the debtor cannot prepare for hearing or argument since the issue has not been property framed in the pleading.

C. The Debtor Has Valid Exemptions in the Property Sought to be Sold.

16. The debtor has validly and timely set forth the property sought to be sold as her exempted property under the various subsections of section 522 of the code, as is more particularly set forth in Schedule C of her petition, said matter herein incorporated as though fully set forth.

17. To the best of the debtor's knowledge, information and belief the items, amounts, code references and all other information on the schedule is true and correct. No decision from the court has been made otherwise, and the action of the trustee remains unauthorized as he proceeds against validly exempted property.

18. Since the debtor has not been presented with any factual or legal reasons for the setting aside of her exemptions, the debtor generally denies the allegations of the trustee to permit his unilateral right to proceed to sale in the instant matter.

D. Outstanding Unresolved Motion on the Issues. The Motion of the Trustee Has Been Prematurely Filed.

19. Inasmuch as the Debtor had previously filed with the court a motion to dismiss her case on July 1, 2005, which the trustee has previously filed an objection on July 5, 2005, the activity of the trustee and the motion for sale, filed August 10, 2005, is

premature and may be rendered moot by a delayed decision of the motion of the debtor to dismiss her case.

20. The court scheduled a hearing on the motion to dismiss for October 20, 2005, and a decision thereon in favor of the debtor would render the trustee's premature action unnecessary and moot.

21. A decision on the previously filed motion should be made before proceeding with the sale which may thereafter be nullified by the court.

Wherefore, the debtor requests this motion be dismissed at this time, that an order of the court be issued stopping the trustee from conducting the sale of the debtor's personal property and that she be awarded legal fees, any costs incurred as a result of defending the motion and penalties be imposed upon the trustee in this matter.

Respectfully submitted;

_____
Gino L. Andreuzzi, Esq.
Attorney for the Debtor, Nadejda Reilly
85 Drasher Rd., Ste II
Drums, PA 18222
570-788-5373

United States Bankruptcy Court
Middle District of Pennsylvania

IN RE: Case No. **05-52187**

**Reilly, Nadejda** Chapter **7**

Debtor(s)

## CERTIFICATE OF MAILING

The undersigned hereby certifies that a true copy of the following document(s):
**Answer to Motion to Sell Private Property at Public Sale**



was(were) mailed to all persons in interest at the addresses set forth in the exhibit which is attached hereto, by first class mail, postage prepaid, on this **2nd** day of **September**, **2005**.

Gino L. Andreuzzi 23140
Attorney Gino L. Andreuzzi
85 Drasher Rd., Ste II
Drums, PA 18222
(570) 788-5373

CERTIFICATE OF MAILING

Nadejda Reilly
70 Louis Circle
Drums, PA  18222

Attorney William G. Schwab
Trustee In Bankruptcy
P.O. Box 56
Lehighton, PA  18235

Office Of The U.S. Trustee
& Attorney D. Troy Sellers
P.O. Box 969
Harrisburg, PA  17901

© 1993-2004 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only