IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER SEVEN
:
NADEJDA REILLY, : BANKRUPTCY NO.: 5-05-bk-52187
:
DEBTOR :

# **OPINION**[1]

Presently before this Court is the Trustee's Motion for Stay Pending Appeal (Doc. #48) pursuant to Federal Rule of Bankruptcy Procedure 8005. To prevail on a motion to stay pending appeal, the movant must establish the following elements to obtain a preliminary injunction including:

> (1) a strong likelihood of success on the merits of the appeal; (2) the movant will suffer substantial irreparable injury if the stay is denied; (3) substantial harm will not be suffered by other parties if the stay is granted; and (4) issuance of the stay would not harm the public interest.

*In re Bankruptcy Appeal of Allegheny Health, Educ. And Research Foundation,* 252 B.R. 309, 321 (Bankr. W.D.Pa. 1999).

None of the above factors are dispositive but rather the judgment entails a "delicate balancing of all elements." *Id.* citing *In re Roth American, Inc.* 90 B.R. 94, 95 (Bankr. M.D.Pa. 1988).

In the instant case, the Trustee has failed to show that the aforementioned factors merit granting him the stay. With regard to the first factor, the Court finds that in order for the Trustee to prevail on appeal, the District Court would have to make a finding contrary to Supreme Court precedent, mainly *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644 (1992).

---

[1] Drafted with the assistance of Kathryn F. Evans, Law Clerk.

Additionally, none of the other factors weigh heavily in the Trustee's favor. For instance, with regard to the second factor, irreparable harm to third parties, the harm will only be caused if the Debtor sells the property, but there is sufficient evidence on the record suggesting the Debtor has an intense sentimental tie to the property in question and is therefore unlikely to sell or dispose of it. (See Transcript of 10/20/2005 at p. 5, lines 21-25). With regard to the third factor, harm to other parties if the stay is granted, the Court recognizes that if this Motion is denied, the Debtor will then be free to dispose of the property which may risk mooting a *potentially* meritorious appeal which may result in a higher payout to creditors. However, as stated above this test is a balancing test, and when taking into consideration the Debtor's sentimental ties to the items in question, this Court finds that the scales tip in the Debtor's favor. In sum, the Court finds that the Trustee has failed to convince the Court that a stay pending appeal is necessary and, as such, his request is denied.

An Order will follow.

Date: August 2, 2006

John J. Thomas, Bankruptcy Judge
(CMS)

*This opinion is electronically signed and filed on the same date.*